JETER v. SOUTHERN RAILWAY CO.

SUPREME COURT—MAGISTRATE—FINDING OF FACT.—This Court has no jurisdiction to review a finding of fact by a Circuit Judge on an appeal from a trial justice.

Before EARLE, J., Union,                    , 189 .  Affirmed.

Action by Paul H. Jeter against Southern Railway Company, in trial justice court, for damages for killing a mule. Judgment for plaintiff. Defendant appeals. Judgment reversed. Plaintiff appeals. The Circuit decree is as follows:

This is an action to recover damages for negligently killing a mule belonging to the plaintiff by the engine and cars on railroad of the defendant. The trial justice gave judgment in favor of the plaintiff in the sum of $90 and costs, and from this judgment the defendant appeals to this Court. The exceptions, in various forms, all impute error to the trial justice in adjudging the railroad company liable under the facts and circumstances of this case. If the killing of the mule was the result of negligence on the part of the defendant's agent, then judgment appealed from must be sustained; otherwise, it must be reversed. Now, if the mule was killed on the railroad track of the defendant, by its engine and cars, and nothing more appeared in proof, negligence would attach to the defendant as a presumption of law. Danner's Case, 4 Rich., 330. And under this well recognized rule, the defendant would be liable, unless this presumption were rebutted or overthrown by the other facts and circumstances of the case. *Murray* v. *Railroad Company*, 10 Rich., 232. It is true, that in those sections of the country where the "stock law" is in force, the defendant would not be required to exercise that degree of care that it would be bound to observe in those sections of the country where cattle are allowed to run at large. *Simkins* v. *Railroad Company*, 20 S. C., 265; *Molair* v. *Railroad Company*, 29 S. C., 160. But, at the same time, such care must always be observed as the occasion required; such a degree of care as under all the circumstances of the case a proper regard for the rights of other persons would have suggested. If, therefore, the mule had been killed on the railroad track by the defendant's engine, the defendant would be liable, nothwishstanding the existence of the "stock law," for even if the mule had been a trespasser on the defendant's right of way, still this would not have re-

lieved the defendant of liability, if the killing could have been avoided by the exercise of that degree of care which, under all the circumstances, was "due care." But the uncontradicted testimony is that the engine passed the mule, and it was killed by colliding against the baggage car. This could not have been prevented by the engineer, even if he had exercised the greatest degree of care. He was bound to keep his engine under control, so as to prevent its running over or against the mule, but he could not prevent the mule from running against the baggage car. The movement of a mule is something which cannot generally be foreseen or provided against, and in this case it appears to conform to the legal definition of an accident; for such an accident the defendant is not liable for the damages which, unfortunately, resulted to the plaintiff. *Zeigler* v. *Railroad Company*, 5 S. C., 221. It is, therefore, ordered and adjudged, that the judgment of the trial justice be, and the same is hereby, reversed and the complaint dismissed.

From this judgment defendant appeals on the following exceptions:

1. In holding that the uncontradicted testimony is that the engine passed the mule, and that it was killed by colliding against the baggage car. 2. In holding that the alleged colliding of the mule against the baggage car could not have been prevented even if the greatest care had been exercised. 3. In holding that the killing of the mule was accidental. 4. In not holding that the mule was killed by the negligence of the defendant or defendant's servants. 5. In reversing the judgment of the magistrate. 6. In not sustaining the judgment of the magistrate.

*Messrs. Munro & Munro*, for appellant, cite: 35 S. C., 569; 20 S. C., 264; 42 Mo., 196.

*Messrs. Duncan & Sanders*, contra, cite: 43 S. C., 3, 172; 44 S. C., 300; 23 S. C., 604; 35 S. C., 569; 45 S. C., 494; 42 S. C., 142.

July 28, 1897.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   This is an appeal from a judgment rendered by the late Judge Earle, reversing a judgment of a trial justice in an action to recover damages for killing plaintiff's mule, by the alleged negligence of defendant's company.   In such a case, this Court has no jurisdiction of any question of fact, but must accept as final the finding of fact by the Circuit Judge.   Our jurisdiction is confined to the question whether there is any error in the judgment appealed from.   The judgment is set out in the case, and, together with the exceptions thereto for the purposes of this appeal, should be reported.   A careful examination of this judgement fails to disclose any error of law therein.   On the contrary, every proposition of law stated or referred to therein is fully supported by the recognized authorities cited by the Circuit Judge.   Indeed, we do not see that any error of law is pointed out in any one of the exceptions.   All of the exceptions except the fifth and sixth, which are manifestly too general to require consideration, raise questions of fact only, and we look in vain for even a suggestion of error of law in any of the exceptions.

Even if the Circuit Judge took an erroneous view of the facts of the case as developed by the testimony, which, however, we must say is not the case, this Court would be powerless to relieve the appellant.   What the testimony was, was undoubtedly a question of fact; whether the collision of the baggage car with the mule could have been prevented by the exercise of due care, was likewise a question of fact.   So, also, the question whether the mule was killed by the negligence of defendant or its servants, or whether such killing was accidental, were also questions of fact.   We are unable to perceive that the Circuit Judge laid down or applied any erroneous principle of law in determining these several questions, and hence there is no reversible error in his judgment.

The judgment of this Court is, that the judgment of the Circuit Court is affirmed.